FILED

MAR 2 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Marc Mendoza
Box 252
Kenwood, CA. 95452
707-953-1739
707-537-9358 Fax
paracleteenterprises@earthlink.net

**UNITED STATES DISTRICT COURT**
**NORTHERN CALIFORNIA DISTRICT**
**CIVIL DIVISION**

| | |
|---|---|
| Marc Charles Mendoza, | Civil Action File No.: 1568 |
| Plaintiff, | COMPLAINT FOR |
| vs. | DECLARATORY JUDGMENT |
| | (FRCP 57); AFFIDAVIT IN SUPPORT; |
| | EXHIBIT 1; CERTIFICATE OF SERVICE |
| SUPERIOR COURT OF SONOMA | |
| COUNTY, | |
| Defendant | |

EDL

## COMPLAINT FOR DECLARATORY JUDGMENT

There is now existing between the parties hereto an actual, justiciable controversy in respect to which Plaintiff is entitled to have a declaration of his rights, as well as further relief because of the facts, conditions and circumstances hereinafter described.

## STANDING

Plaintiff, Marc Mendoza, is a resident of the town of Kenwood, County of Sonoma, State of California, and a lifelong Citizen of the United States. At the time the underlying litigation was initiated, Plaintiff was an active member of the Kenwood Volunteer Fire Department.

Plaintiff has been involved in the underlying litigation since April, 2006 (Court No.: SCR-485357).

Case No.: _____    Complaint for Declaratory Judgment - 1

Plaintiff and the citizens of Sonoma County have a direct interest in the outcome of this litigation. Plaintiff has suffered actual damage from Defendant's unconstitutional exercise of power and violations of due process, and is threatened with further damage.

Defendant, the Superior Court of Sonoma County, is located in Santa Rosa, California, and within the venue of this court. It is operating in an unconstitutional exercise of its lawful powers in violation of law and due process.

## JURISDICTION

Federal jurisdiction arises under the due process clause of the Constitution, the Declaratory Judgements Act, 28 USC 2201, 28 USC 1331, and FRCP 8(a) and 57, and the law, precedent and Constitution of the State of California.

## NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING

An action is pending in the civil division of the Sonoma County Superior Court (Petition for a Writ of Mandate or Prohibition (Court No.: SCV 241927)).

The conduct of the trial court, however, which has scheduled another hearing, jurisdictional in nature, for the same date as Plaintiff's appellate hearing[1], indicates that the intervention of this court is necessary to define the boundaries of the trial court's power to proceed in an action under appellate review which the trial court is fully apprised of.

Plaintiff respectfully contends that the circumstances and immediacy of the present controversy and the ongoing threat to Plaintiff justify departure from the "first filed" rule ( Provident... v. Patterson, 390 US 102 @ 105 (1968); Chamberlain v. Allstate Ins. Co., 931 F2d 1361 @ 1367 (9th Cir. 1991); c.f. Exhibit 1 @ p. 4).

---

[1] March 24, 2008: Motion for Reconsideration and Petition for a Writ of Supersedeas.
Case No.:                    Complaint for Declaratory Judgment - 2

## NATURE OF DISPUTE

Plaintiff is a pro se Defendant involved in a misdemeanor traffic case in the Superior Court of Sonoma County since April, 2006 (Court No.: SCR-485357).

On November 27, 2007, Plaintiff filed a Petition for a Writ of Mandate or Prohibition (Court No.: SCV 241927) in the appellate division of the Superior Court.

Under the California Code of Civil Procedure (CCP) 916(a)[2] and Varian Medical Systems, Inc. et al. v. Delfino et al., 35 Cal.4th 180 (2005), a hundred years of precedent make it clear that the trial court's subject matter jurisdiction over the underlying case was automatically stayed as an operation of law with the filing of Plaintiff's Petition.

Despite notice to the court, the trial court has continued to operate as though its powers were unaffected by appellate court review of its jurisdiction, and five more trial court judges have assumed jurisdiction for a total of ten additional trial court hearings under color of law, culminating in the arrest of Plaintiff on January 11, 2008, as described below.

Plaintiff's due process rights under the Constitution have been denied by the trial court, which threatens further acts in excess of its jurisdiction.

## RIPENESS

Plaintiff's complaint is based upon actual, concrete facts and circumstances of sufficient immediacy to warrant the intervention of this court (Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 US 270 @ 273 (1941)).

---

[2] "Section 916, subdivision (a) states in full: "Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order..."- Varian Medical Systems, Inc. et al. v. Delfino et al.,35 Cal.4th 180 @ f.n. 5 (2005), 25 Cal.Rptr.3d 298.

On November 29, 2007, Plaintiff filed a Petition for Writ of Mandate or Prohibition in the appellate division of the Sonoma County Superior Court (SCV 241927), and on November 30, 2007, gave proof to the trial court of that appellate action (Please see Exhibit 1 @ p. 1).

Under California law, the trial court is automatically stayed from proceedings which address issues at dispute during the pendency of an appellate action, and is therefore subject to review under the Due Process Clause of the Constitution for acting under color of law and in excess of its jurisdiction (Please see Varian Medical Systems, Inc. et al. v. Delfino et al., 35 Cal.4th 180 (2005)).

The Defendant Superior Court of California is violating the due process rights of the Petitioner by refusing to recognize its jurisdictional limitations as defined under the Constitution of the United States and the laws of California. (c.f. Mobil Oil Co. v. City of Long Beach, 772 F2d 534 @ 539-540 (9th Cir. 1985), Hunter v. United Van Lines, 746 F2d 635 @ 643-646 (9th Cir. 1984) (Please see also Exhibit 1, pp. 1-4)

Plaintiff has suffered an actual damage, including unlawful arrest, and is threatened with further damage by the lower court in violation of its due process obligations under the United States Constitution and the laws of California (Katzenbach v. McClung, 379 U.S. 294 (1964)).

As is more fully described below, the Sonoma County trial court has defied both state and federal law and precedent, and is threatening to continue to do so.

The intervention of this court is therefore necessary to prevent further abuse and loss of rights due to the threatened and ongoing actions of the Sonoma County Superior Court, which clearly intends to move forward to trial within the month despite an unresolved appeal.

A declaratory judgment from this court will settle the controversy currently existing between the courts and parties herein described, and usefully clarify for Plaintiff and the public the powers, rights and limitations of appellate procedure and due process in Sonoma County.

## DECLARATION SOUGHT

In order to resolve this controversy, plaintiff requests that, pursuant to 28 USC 2201, this court:

A. Declare the respective rights and duties of the parties in this matter, and in particular,

B. Declare the acts of the Sonoma County Superior (trial) Court in excess of its jurisdiction, alternatively:

1.upon the filing of Plaintiff's Petition for a Writ of Mandate or Prohibition;

2. at the time the trial court was verbally informed of Plaintiff's appellate action; or

3. at the time the court was served with a Notice of Stay of Proceedings.

Local practice is denying Plaintiff the benefits of due process under federal and state law and a declaration from this court is necessary to protect the public interest, his rights and the appellate court's power of substantive review.

## PRAYER

WHEREFORE PETITIONER PRAYS for declaratory judgment, court and bail costs, and any further relief the court deems proper and just, including such injunctive, punitive or compensatory relief as the court sees fit.

Defendant's conduct makes it clear that state remedies are not plain, speedy, efficient or adequate to prevent further abuse of power by the Defendant court, and further damage to Plaintiff (Spector Motor Service v. McLaughlin, 323 U.S. 101 (1944)).

Submitted under penalty of perjury this 21st day of March, 2008,

Marc Mendoza, Plaintiff

Case No.:                    Complaint for Declaratory Judgment - 5

## AFFIDAVIT IN SUPPORT OF COMPLAINT FOR DECLARATORY RELIEF

I am the Plaintiff in the above-entitled action and affirm that the following is true and correct to the best of my knowledge and belief:

1. That on November 29, 2007, Plaintiff filed a Petition for a Writ of Mandate or Prohibition in the appellate division of the Sonoma County Superior Court (SCV-241927) challenging the trial court's denial of a Motion to Dismiss (SCR-485357);

2. That on November 30, 2007 the trial court was verbally informed and shown proof that Petitioner-Appellant had filed the above Petition (Please see Exhibit 1 @ p. 1, (Superior Court Docket Sheet);

3. That on December 6, 2007, Plaintiff's Petition was denied in chambers by Superior Court Judge Chouteau (Please see Exhibit 1 @ p. 1-2);

4. That on that date, Plaintiff appeared before trial court Judge R. Ballinger, who assumed continuing in rem and in personam jurisdiction without waiting for the ten days available for filing an appeal to expire (Please see Exhibit 1 @ p. 2);

5. On that date, Judge Ballinger was informed in open court by Deputy Prosecutor Mark Urioste and Plaintiff of his still-pendant appeal and Judge Chouteau's decision;

6. Nevertheless, on that date, Judge Ballinger entered a plea of not guilty for Plaintiff, compelled him to accept the 'assistance' of the Public Defender's office, and continued to schedule hearings jurisdictional in nature despite a still-viable appellate action (Please see Exhibit 1 @ p. 2);

7. Plaintiff timely filed a Motion for Reconsideration on December 19, 2007, thereby maintaining his appeal and the jurisdiction of the appellate division of the Superior Court;

8. That Plaintiff was not informed by his inflicted counsel of the trial court hearings, jurisdictional in nature, held on December 19 and December 27, 2007, and failed to appear (Please see Exhibit 1 @ pp. 2-3);

9. That on January 7, 2008, Plaintiff was misinformed by Public Defender Ralph Lopez of the time of his next scheduled appearance (a readiness conference) before the trial court (Exhibit 1 @ p. 3);

10. That on January 10, 2008, Plaintiff filed a Notice of Stay of Proceedings in the trial court, and a Petition for Writ of Supersedeas in the appellate division of the Superior Court.

Case No.:                    Complaint for Declaratory Judgment - 6

11. That on January 11, 2008, Petitioner-Appellant failed to timely appear at a readiness conference hearing before Judge Dana Beernink Simonds due to misinformation by appointed counsel, Public Defender Ralph Lopez, and a warrant was issued for his arrest (Please see Exhibit 1 @ p. 3);

12. That on January 11, 2008, the docket indicates Judge D. Beernink Simonds "does not recognize [the] Notice of Stay of Proceedings" (Please see Exhibit 1 @ p. 3);

13. That on the morning of January 11, 2008, Plaintiff's calls to the Public Defender's office and P.D. Lopez regarding the potential of a bench warrant were unreturned until January 18, 2008, when Plaintiff was informed by P.D. Lopez that a warrant may have been issued by the trial court;

14. That on the morning of January 11, 2008, Plaintiff was nevertheless present at the Sonoma County Courthouse and filed a Notice of Special Appearance and Dismissal of Appointed Counsel in the trial court;

15. That on the evening of January 11, 2008, Plaintiff was arrested at his place of employment in Sonoma, and taken to the county detention center in Santa Rosa, where bail was eventually posted in the amount of $25,000;

16. That the trial court has continued to hold and schedule hearings in denial of the civil court's appellate jurisdiction since that date;

17. Plaintiff's next hearing in the trial court, jurisdictional in nature, is scheduled for March 24, 2008, and past history indicates the trial court will assume jurisdiction under color of law despite its lack of lawful authority, the inherent denial of Plaintiff's due process rights, and the obvious jurisdictional conflict between the trial and appellate court's respective roles.

Submitted under penalty of perjury this 21st day of March, 2008,

M. Mendoz —

Marc Mendoza, Petitioner-Appellant

1    CERTIFICATE OF SERVICE

2
         I affirm that on March 21, 2008, I served the following parties with true and accurate
3
4    copies of the attached Complaint, Affidavit in support, and Exhibit by placing the same in the

5    U.S. Mail, postage prepaid, addressed to :

6    Sonoma County Superior Court                Sonoma County Prosecutors Office
7    600 Administration Drive                    600 Administration Drive
     Santa Rose, CA. 95403                       Santa Rose, CA. 95403
8

9    Submitted under penalty of perjury this 21st day of March, 2008,

10
                                        M-mendoc
11                                      Marc Mendoza, Petitioner-Appellant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28


Case No.:              Complaint for Declaratory Judgment - 8

:R-485357   SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA          Page 9

)/25/2007 DE 1    Courtroom Minutes of Department 2    (continued)
   Probable Cause Hearing Motion Filed
   Quash Motion Held
   Court denies motion to Quash

0/26/2007 DE 1    Courtroom Minutes of Department 2

   HON: AW  DDA: Mark A. Urioste  CLK: MB
   Defendant present
   Trial Briefs, Motion in Limine and Witness Lists due 10/30 at 10:30
   Defendant's objection overruled.
   Readiness Conference Held
   Jury Trial Set - 10/30/2007 at 10:30am 2, JURY TRIAL, PLEA, MOTION

0/30/2007 DE 1    Courtroom Minutes of Department 2

   HON: AW  DDA: Mark A. Urioste  REP: Ellen Cooper  CLK: MB
   Defendant present in Pro Per
   170.6 Peremtory challenge files but deemed untimely
   Readiness Conference Set - 11/30/2007 at 9:30am 2, READINESS
      CONFERENCE
   Jury Trial Set - 12/04/2007 at 10:30am 2, JURY TRIAL
   Defense directed to file Motions in Limine, Trial Brief, Witness
   Lists by 12/4/2007 at 10:30 AM

0/30/2007 DE 1
   PEO'S MOTIONS IN LIMINE FILED
   DEFENSE PEREMPTORY CHALLENGE FILED--DEEMED UNTIMELY

1/30/2007 DE 1    Courtroom Minutes of Department 2

   HON: CAD  DDA: Mark A. Urioste  CLK: LLK
   Defendant present
   Def shows writ of mandate of prohibition - no pos on da
   Readiness Conference Held
   Jury Trial Set - 12/04/2007 at 10:30am 2, JURY TRIAL

2/04/2007 DE 1    Courtroom Minutes of Department 2

   HON: R.BALLINGER  DDA: Mark A. Urioste  CLK: LLK
   Defendant present
   Defendant & People to meet with Judge Chouteau at 8:15 in Chambers
   on 12/03/2007
   CONTINUED TO - 12/06/2007 at 10:00am 2, TO TRAIL, PRELIMINARY

**1-1**

R-485357    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

2/06/2007 DE 1    Courtroom Minutes of Department 2

   HON: R.BALLINGER  DDA: Mark A. Urioste  CLK: LLK
   Defendant present
   Counsel C. Davis, Public Defender, appearing
   Public Defender appointed
   Defense provided with copy of complaint
   People to provide discovery to defendant.
   People withdraw time waiver
   Defendant does not waive time last day is 01/22/2008
   Defendant pleads Not Guilty to count I VC 23152(a)
   Defendant pleads Not Guilty to count II VC 23152(b)
   Not Guilty by Court
   Settlement Conference Set - 01/07/2008 at 1:30pm 2, SETTLEMENT
      CONFERENCE
   Readiness Conference Set - 01/11/2008 at 9:30am 2, READINESS
      CONFERENCE
   Jury Trial Set - 01/15/2008 at 10:30am 2, JURY TRIAL

2/12/2007 DE 1
   PEOPLE'S MTN TO ADVANCE JURY TRIAL FILED
   CONTINUED TO - 12/19/2007 at 8:30am 2, MOTION, AT D.A. REQUEST

2/19/2007 DE 1    Courtroom Minutes of Department 2

   HON: R.BALLINGER  DDA: Esther Lemus  CLK: LLK
   Defendant not present
   Counsel C. Davis, Public Defender, appearing
   1050 PC Motion Held
   1050 PC Motion Granted - with good cause.
   Defense objects to granting of motion.
   Defendant does not waive time
   Last day - 01/22/2008
   DROPPED FROM CALENDAR - 01/15/2008 at 10:30am 2
   Settlement Conference as set - 01/07/2008 at 1:30pm 2, SETTLEMENT
      CONFERENCE
   Readiness Conference as set - 01/11/2008 at 9:30am 2, READINESS
      CONFERENCE
   CONTINUED TO - 12/27/2007 at 8:30am 2, POSSIBLE DISPOSITION

2/27/2007 DE 1    Courtroom Minutes of Department 2

   HON: F PASSALACQUA  DDA: Esther Lemus  CLK: LLK
   Defendant not present
   Counsel C Davis, Public Defender, appearing
   Defendant does not waive time
   Advance Motion Set - 01/02/2008 at 10:30am 2, FURTHER PROCEEDINGS

1-2

CR-485357   SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page 11

1/02/2008 DE 1    Courtroom Minutes of Department 2

  HON: F PASSALACQUA  DDA: Esther Lemus  CLK: LLK
  Defendant not present
  Counsel C.Davis, Public Defender, appearing
  Defendant does not waive time
  CONTINUED TO - 01/03/2008 at 8:30am 2, FURTHER PROCEEDINGS

1/03/2008 DE 1    Courtroom Minutes of Department 2

  HON: R.BALLINGER  DDA: Mark A. Urioste  CLK: LLK
  Defendant present
  Counsel C. Davis, Public Defender, appearing
  Defendant does not waive time
  Readiness Conference Set - 01/11/2008 at 9:30am 2, READINESS
    CONFERENCE
  Jury Trial Set - 01/15/2008 at 10:30am 2, JURY TRIAL
  DROPPED FROM CALENDAR - 01/07/2008 at 1:30pm 2

1/07/2008 DE 1    Courtroom Minutes of Department 2

  HON: DBS  DDA: Mark A. Urioste  CLK: AP
  NO FILE - DOCKET ONLY
  Defendant present
  Counsel R. Lopez, Public Defender, appearing
  People offer standard 1st
  Settlement Conference Held
  Readiness Conference Set - 01/11/2008 at 9:30am 2, READINESS
    CONFERENCE
  Jury Trial Set - 01/15/2008 at 10:30am 2, JURY TRIAL

1/11/2008 DE 1    Courtroom Minutes of Department 2

  HON: DBS  DDA: Mark A. Urioste  CLK: AP
  Defendant not present
  Counsel R. Lopez, Public Defender, appearing
  Court does not recognizwe Notice of Stay of Proceedings.
  Bench Warrant to issue for $25,000
  B/W #5357796 issued in the amount of $25,000 for Contempt for
  Failure to Appear
  Do not cite out / OR
  Readiness Conference - vacated
  DROPPED FROM CALENDAR - 01/15/2008 at 10:30am 2

1/11/2008 DE 1
  ADDED TO CALENDAR BY JAIL - 01/15/2008 at 8:30am 2, WARRANT IN
    CUSTODYS

1-3

CR-485357    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA         Page 12

1/12/2008 DE 1
  CALENDAR DROPPED BY JAIL - 01/15/2008 at 8:30am 2

1/14/2008 DE 1
  Warrant #5357796 Recalled Defendant Bailed To Appear
  BAIL BOND REFERENCE #IS50K13106 REC'D AND FILED IN THE AMOUNT OF
  $25000
  CALENDAR ITEM - 02/04/2008 at 8:30am 2, BTA/WARRANT

1/15/2008 DE 1
  PROOF OF SERVICE BY MAIL FILED

1/23/2008 DE 1
  TAKEN BY PUBLIC DEFENDER FOR COPPING
  FILE RETURNED AND PLACED ON SHELF

2/04/2008 DE 1    Courtroom Minutes of Department 2

  HON: BERNARD J. KAMINS  DDA: Jordan Green  CLK: LLK
  Defendant present
  Counsel R. Lopez, Public Defender, appearing
  Defendant waives time
  Settlement Conference Set - 03/24/2008 at 1:30pm 2, SETTLEMENT
    CONFERENCE

                    *****    End of Docket    *****

1-4